UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION, Plaintiff, v. MICHAEL GRAF, d/b/a I.E. HOMES, Defendant. | CA 07 160 S<br>CIVIL ACTION NO. ___________<br><br>**Jury Trial Demanded** |

## COMPLAINT

### INTRODUCTION

Rhode Island Housing and Mortgage Finance Corporation, which is known to consumers and will be referred to herein as Rhode Island Housing, is the primary housing agency in the state of Rhode Island. It has been assisting Rhode Island residents with real estate matters since 1973. The plaintiff's trademark "Rhode Island Housing" has been extensively promoted and is extremely well known throughout Rhode Island.

The defendant, Michael Graf, has recently registered the web site www.rhodeislandhousing.com. The name and content of the site are confusingly similar to the plaintiff's trademark and the defendant registered the mark in a bad faith attempt to profit from plaintiff's trademark rights and associated goodwill. Rhode Island Housing seeks here to stop defendant from infringing and diluting its mark and to recover its damages.

### PARTIES AND JURISDICTION

1. The plaintiff, Rhode Island Housing, is a Rhode Island public corporation with a principal place of business in Providence, Rhode Island.

2. The defendant Michael Graf d/b/a I.E. Homes is, on information and belief, an individual residing in Cucamonga, California.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1338(a) and (b) and 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C.. § 1391 because a substantial part of the events giving rise to the claims occurred, and are occurring, in this jurisdiction.

## FACTS

### THE PLAINTIFF'S TRADEMARK

5. Rhode Island Housing is a public corporation located in Rhode Island. It is the state's principal housing agency and it has been providing services to consumers in Rhode Island since 1973.

6. Rhode Island Housing offers a range of services to Rhode Island consumers including:

- lending programs, including mortgages and reverse mortgages provided through its lending partners;
- education for home buyers, home owners and developers;
- advocating for and financing development that enhances the community (e.g. affordable housing);
- providing grants and subsidies to Rhode Islanders with the greatest need.

7. The distinctive trademark "Rhode Island Housing" is used in connection with all of the above noted services. It is promoted through the web site, www.rihousing.com, and it is also extensively promoted through television, radio and print advertising.

8. As a result of providing services under the name Rhode Island Housing and extensive promotion of that mark, the trademark Rhode Island Housing is associated with one source, the plaintiff, and it is famous within the state of Rhode Island.

THE DEFENDANT'S ACTIVITIES

9. On or before April 2007, Michael Graf d/b/a IE Homes registered the domain name www.rhodeislandhousing.com.

10. The present content of the web site www.rhodeislandhousing.com is real estate and real estate related referrals and references.

11. In addition, Mr. Graf's business, I.E. Homes, as described at www.iehomes.com, concerns real estate and real estate related matters such as mortgage assistance.

12. Mr. Graf recently attempted to sell the domain name www.rhodeislandhousing.com to Rhode Island Housing for $50,000.

13. On information and belief, Mr. Graf registered the domain name www.rhodeislandhousing.com with the intent to exploit the value of Rhode Island Housing's well known trademark.

14. On information and belief, when Mr. Graf registered the domain name, if he could not extract sufficient compensation from Rhode Island Housing for it, Mr. Graf intended to trade on Rhode Island Housing's goodwill by using the site www.rhodeislandhousing.com to market his real estate and housing related services.

CLAIMS

COUNT I

(Trademark Infringement)

15. The plaintiff incorporates by reference paragraphs 1 through 14 as if separately set forth herein.

16. By adopting and using a business and domain name confusingly similar to the plaintiff's trademark, defendant is intentionally making a false express and/or implied representation that his business and services are from, or associated with, plaintiff.

17. Defendant's conduct constitutes a false description or designation of origin within 15 U.S.C. §1125(a).

18. The defendant's conduct is causing, and will likely continue to cause, consumer confusion, substantial and irreparable injury and harm to plaintiff as well as economic damages. Unless enjoined, defendant will likely continue his conduct.

WHEREFORE, the plaintiff requests the relief set forth below.

COUNT II

(Palming Off)

19. The plaintiff incorporates by reference paragraphs 1 through 18 as if separately set forth herein.

20. On information and belief, Mr. Graf is intentionally trying to palm off his business as being connected to plaintiff's business and services by utilizing a business name and web site domain name confusingly similar to plaintiff's trademark.

21. Defendant's acts and conduct constitute tortious palming off.

22. The defendant's conduct is causing, and will likely continue to cause, consumer confusion, substantial and irreparable injury and harm to plaintiff and economic damages. Unless enjoined, defendant will likely continue his conduct.

WHEREFORE, the plaintiff requests the relief set forth below.

COUNT III

(Common Law Trademark Infringement)

23. The plaintiff incorporates by reference paragraphs 1 through 22 as if separately set forth herein.

24. The plaintiff owns the distinctive trademark Rhode Island Housing.

25. The defendant has intentionally and willfully adopted and used a phrase confusingly similar to that mark in an attempt to appropriate for himself the goodwill associated with plaintiff's mark.

26. Defendant's conduct constitutes common law trademark infringement.

27. The defendant's conduct is causing and is likely to continue to cause consumer confusion, substantial and irreparable injury and harm to plaintiff and economic damages. Unless enjoined, defendant will likely continue his conduct.

WHEREFORE, the plaintiff requests the relief set forth below.

COUNT IV

(Injury to Business Reputation pursuant to RIGL § 6-2-12)

28. The plaintiff incorporates by reference paragraphs 1 through 27 as if separately set forth herein.

29. The defendant's conduct as set forth herein has caused and is likely to continue to cause injury to plaintiff's business reputation and dilution of plaintiff's trademark.

30. The defendant's conduct is causing substantial and irreparable injury and harm to plaintiff and economic damages. Unless enjoined, defendant will likely continue his conduct.

WHEREFORE, the plaintiff requests the relief set forth below.

COUNT V

(AntiCybersquatting Consumer Protection Act)

15 U.S.C. § 1125(d)

31. The Plaintiff incorporates paragraphs 1 through 30 as if separately set forth herein.

32. The defendant adopted the domain name www.rhodeislandhousing.com in bad faith.

33. The defendant has offered to sell the domain name to plaintiff and, on information and belief, defendant acquired the domain name for that purpose.

34. If unable to sell it to plaintiff, the defendant intends to improperly utilize and exploit plaintiff's trademark for commercial gain.

35. The acts and conduct of defendant as described herein are causing and are likely to continue to cause consumer confusion, substantial and irreparable injury and harm to plaintiff as well as economic damages. Unless enjoined, defendant will likely continue his conduct.

WHEREFORE, the plaintiff requests the relief set forth below.

PRAYERS FOR RELIEF

1. On Counts I through V, award judgment in favor of plaintiff and enter a preliminary injunction enjoining defendant from using the name Rhode Island Housing, the domain name www.rhodeislandhousing.com or any other name confusingly similar to plaintiff's trademark "Rhode Island Housing;"

2. On Counts I through V, award judgment in favor of plaintiff and enter a permanent injunction enjoining defendant from using the name Rhode Island Housing, the domain name www.rhodeislandhousing.com or any other name confusingly similar to plaintiff's trademark "Rhode Island Housing;"

3. On Counts I through V, award judgment in favor of plaintiff and award plaintiff damages in an amount to be determined, multiplied as appropriate, plus punitive damages, costs, interest and fees; and

4. On Count V, order the transfer of the domain name www.rhodeislandhousing.com to plaintiff or, in the alternative, order cancellation or forfeiture of the domain name.

5. Award such other and further relief as the Court deems just and proper.

PLAINTIFF REQUESTS A JURY TRIAL ON ALL CLAIMS.

May 7, 2007

Respectfully submitted,

**RHODE ISLAND HOUSING AND MORTGAGE FINANCE CORPORATION,**

By its Attorneys,

Brian J. Lamoureux (#6211)
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903
401.276.2600
401.276.2601 Facsimile
bjl@brownrudnick.com

OF COUNSEL:
Brenda M. Cotter
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
617.856.8200
617.856.8201 Facsimile
bcotter@brownrudnick.com

# 1494331 v1 - cotterbm - 080412/0167